## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | |
|---|---|
| BMO BANK N.A.,<br><br>               Plaintiff,<br><br>        v.<br><br>RANDHAWA TRANSPORT INC., a Virginia corporation, KULDIP RANDHAWA, an individual, and PRITHI SINGH, an individual.<br><br>               Defendants. | Civil Action No.: 1:23-cv-1557 |

## <u>VERIFIED COMPLAINT</u>

Plaintiff BMO Bank N.A., by and through its undersigned counsel, complains of Defendants Randhawa Transport Inc., Kuldip Randhawa, and Prithi Singh as follows:

## I.  <u>THE PARTIES</u>

1.      Plaintiff BMO Bank N.A. (the "<u>Bank</u>") is a national banking association with a principal place of business located at 338 S. Canal Street, Chicago, Illinois 60606.

2.      Defendant Randhawa Transport Inc. (the "<u>Randhawa Transport</u>") is a Virginia corporation, with a principal place of business at 42367 Ponderosa Drive, Chantilly, Virginia 20152, and a registered agent address of 42367 Ponderosa Drive, Chantilly, Virginia 20152, c/o Kuldip Randhawa. Upon information and belief, Kuldip Randhawa is President of Randhawa Transport.

3.      Defendant Kuldip Randhawa ("<u>K. Randhawa</u>") is an individual residing, upon information and belief, at 42367 Ponderosa Drive, Chantilly, Virginia 20152.  K. Randhawa is an owner of Randhawa Transport.

4.      Defendant Prithi Singh ("Singh") is an individual residing, upon information and belief, at 1770 W. Woodward Avenue, Manteca, California 95337. Singh is an owner of Randhawa Transport.

## II.  JURISDICTION AND VENUE

5.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs.

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) as Randhawa Transport resides in this District.

7.      Randhawa Transport is present and doing business in this District and therefore subject to the Court's personal jurisdiction (*see* 28 U.S.C. § 1391(c)(2)). K. Randhawa is a natural person domiciled in this District (*see* 28 U.S.C. § 1391(c)(1)).

## III.    FACTUAL BACKGROUND

### A.    The K. Randhawa / Singh Loan Agreement

8.      On December 31, 2020, K. Randhawa and Singh, jointly and severally as borrower, and Bank, as lender, entered into that certain Loan and Security Agreement (as amended and modified, the "K. Randhawa / Singh Loan Agreement"), pursuant to which Bank agreed to finance K. Randhawa's and Singh's purchase of two (2) 2021 Freightliner Cascadia-Series: CA12564SLP 125" BBC Conv Cab W/72"RR SLPR Tractor 6X4 identified by serial numbers 3AKJHHDR3MSMU8335[1] and 3AKJHHDR6MSMU8331 (the "K. Randhawa / Singh Loan Collateral"), in exchange for a total payment of $372,462.00, payable in 60 monthly installments

---

[1] This unit of the K. Randhawa / Singh Loan Collateral was previously paid off by K. Randhawa and Singh.

of $6,207.70 each, commencing on March 1, 2021.  A copy of the K. Randhawa / Singh Loan Agreement is attached hereto as **Exhibit A**.

9.      As consideration for entering into the K. Randhawa / Singh Loan Agreement, K. Randhawa and Singh granted Bank a security interest in and to the K. Randhawa / Singh Loan Collateral as more fully described in the K. Randhawa / Singh Loan Agreement.  *See* K. Randhawa / Singh Loan Agreement § 2.1.  As evidenced by the Notice of Recorded Lien attached hereto as **Exhibit B**, Bank perfected its security interest in and to the K. Randhawa / Singh Loan Collateral by recording its lien with the State of California.  Although titled in California, pursuant to the K. Randhawa / Singh Loan Agreement, the K. Randhawa / Singh Loan Collateral, when not in use, "will be kept at 42367 Ponderosa Drive, Chantilly, Fairfax, VA 20152." *See* K. Randhawa / Singh Loan Agreement, p. 6.

### B.    The Randhawa Transport Loan Agreements

**The First Randhawa Transport Agreement**

10.      On February 15, 2021, Randhawa Transport and Bank, as lender, entered into that certain Loan and Security Agreement (the "First Randhawa Transport Loan Agreement"), pursuant to which Bank agreed to finance Randhawa Transport's purchase of four (4) 2022 Strick 53' Dry Van identified by serial numbers: 1S12E9533NE546135;  1S12E9535NE546136; 1S12E9537NE546137; and 1S12E9539NE546138 (collectively, the "First Randhawa Transport Loan Collateral"), in exchange for a total payment of $142,353.00, payable in 60 monthly installments of $2,372.55 each, commencing on April 1, 2021.  A copy of the First Randhawa Transport Loan Agreement is attached hereto as **Exhibit C**.

11.      As consideration for entering into the First Randhawa Transport Loan Agreement, Randhawa Transport granted Bank a security interest in and to the First Randhawa Transport Loan

Collateral as more fully described in the First Randhawa Transport Loan Agreement.  *See* First Randhawa Transport Loan Agreement § 2.1.  As evidenced by the Notice of Recorded Lien attached hereto as **Exhibit D**, Bank perfected its security interest in and to the First Randhawa Transport Loan Collateral by recording its lien with the State of Maine.  Although titled in Maine, pursuant to the First Randhawa Transport Loan Agreement, the First Randhawa Transport Loan Collateral, when not in use, "will be kept at 42367 Ponderosa Drive, Chantilly, Fairfax, VA 20152." *See* First Randhawa Transport Loan Agreement, p. 6.

12.    As further consideration for entering into the First Randhawa Transport Loan Agreement, on or about February 15, 2021 K. Randhawa executed a certain Continuing Guaranty in favor of Bank absolutely and unconditionally guarantying Randhawa Transport's present and future obligations to Bank, including those obligations under the First Randhawa Transport Loan Agreement (the "First K. Randhawa Guaranty").  A true and correct copy of the First K. Randhawa Transport Loan Guaranty is attached hereto as **Exhibit E** and incorporated herein.

13.    As further consideration for entering into the First Randhawa Transport Loan Agreement, on or about February 15, 2021, Singh executed a certain Continuing Guaranty in favor of Bank absolutely and unconditionally guarantying Randhawa Transport's present and future obligations to Bank, including those obligations under the First Randhawa Transport Loan Agreement (the "Singh Guaranty").  A true and correct copy of the Singh Guaranty is attached hereto as **Exhibit F** and incorporated herein.

**The Second Randhawa Transport Agreement**

14.    On May 19, 2021, Randhawa Transport and Bank, as lender, entered into that certain Loan and Security Agreement (the "Second Randhawa Transport Loan Agreement," together with the First Randhawa Transport Loan Agreement, the "Randhawa Transport Loan

Agreements"[2]), pursuant to which Bank agreed to finance Randhawa Transport's purchase of one (1) 2022 Freightliner Cascadia-Series: CA 12564SLP 125" BBC Conv Cab W/72"RR SLPR Tractor 6X4 identified by serial number 1FUJHHDR4NLNB9972 (the "Second Randhawa Transport Loan Collateral," together with the First Randhawa Transport Loan Collateral, the "Randhawa Transport Loan Collateral"[3]), in exchange for a total payment of $174,000.96, payable in 72 monthly installments of $2,416.68 each, commencing on July 1, 2021. A copy of the Second Randhawa Transport Loan Agreement is attached hereto as **Exhibit G**.

15.    As consideration for entering into the Second Randhawa Transport Loan Agreement, Randhawa Transport granted Bank a security interest in and to the Second Randhawa Transport Loan Collateral as more fully described in the Second Randhawa Transport Loan Agreement. *See* Second Randhawa Transport Loan Agreement § 2.1. As evidenced by the Notice of Recorded Lien attached hereto as **Exhibit H**, Bank perfected its security interest in and to the Second Randhawa Transport Loan Collateral by recording its lien with the Commonwealth of Virginia.

16.    As further consideration for entering into the Second Randhawa Transport Loan Agreement, on or about May 19, 2021 K. Randhawa executed a certain Continuing Guaranty in favor of Bank absolutely and unconditionally guarantying Randhawa Transport's present and future obligations to Bank, including those obligations under the Second Randhawa Transport Loan Agreement (the "Second K. Randhawa Guaranty," together with the First K. Randhawa

---

[2] The Randhawa Transport Loan Agreements together with the K. Randhawa / Singh Loan Agreement are collectively herein referred to as the "Loan Agreements."
[3] The Randhawa Transport Loan Collateral together with the K. Randhawa / Singh Loan Collateral are collectively herein referred to as the "Collateral."

Guaranty, the "K. Randhawa Guarantees"[4]).  A true and correct copy of the Second K.  Randhawa Guaranty is attached hereto as **Exhibit I** and incorporated herein.

<strong>C.    Default Provisions</strong>

17.    Pursuant to the Loan Agreements, an Event of Default shall occur if, *inter alia*, Borrowers fail to pay when due any amount owed to Bank under the Loan Agreements.  *See* Loan Agreements § 5.1.

18.    Additionally, an Event of Default shall occur if "Debtor or Guarantor fails to pay any Liabilities when due to Bank or any Affiliate of Bank or is otherwise in default under any other document, agreement or instrument…."  *Id.*

19.    Pursuant to the Loan Agreements, upon the occurrence of an Event of Default, Bank may, at its option, with or without notice to Borrowers, *inter alia*, (i) declare the Loan Agreements to be in default, (ii) declare the indebtedness under the Loan Agreements to be immediately due and payable, and (iii) exercise all of the rights and remedies of a secured party under the Uniform Commercial Code.  *See* Loan Agreements § 5.2.  All of Bank's rights under the Loan Agreements are cumulative and not alternative.  *See* Loan Agreements §7.3(b).

20.    Pursuant to the Loan Agreements, Defendants are obligated to pay Bank all expenses of retaking, holding, preparing for sale, selling and the like of the Collateral, including without limitation (a) the reasonable fees of any attorneys retained by Bank and (b) all other legal expenses incurred by Bank.  *See* Loan Agreements § 5.2.

21.    Defendants are liable to Bank for any deficiency remaining after disposition of the Collateral after default.  *See id.*

---

[4] The Singh Guaranty together with the K. Randhawa Guarantees are collectively herein referred to as the "Guarantees."

22.     Upon acceleration of Defendants' obligations under the Loan Agreements, interest on all sums then owing shall accrue at the rate of 1½% per month.  *See* Loan Agreements § 5.3.

23.     Pursuant to the terms of the Loan Agreements, Defendants waived their right to a jury trial of any claim or cause of action relating thereto. *See* Loan Agreements § 7.5; *See* Guarantees.

**D.      The Payment Defaults**

24.     K. Randhawa is in default under the terms and conditions of the K. Randhawa Loan Agreement, having failed, *inter alia*, to make payments when due thereunder.

25.     Singh is in default under the terms and conditions of the K. Randhawa Loan Agreement, having failed, *inter alia*, to make payments when due thereunder.

26.     Randhawa Transport is in default under the terms and conditions of the Randhawa Transport Loan Agreements, having failed, *inter alia*, to make payments when due thereunder.

27.     K. Randhawa is in default under the terms and conditions of the K. Randhawa Guarantees, having failed to make payments when due thereunder.

28.     Singh is in default under the terms and conditions of the Singh Guaranty, having failed to make payments when due thereunder.

29.     Bank has performed any and all obligations to be performed by it under the terms of the Loan Agreements and the Guarantees.

30.     Bank has performed any and all obligations to be performed by it under the terms of the Loan Agreements and the Guarantees.

31.     On October 16, 2023, Bank notified Defendants of the default status of the Loan Agreements and the Guarantees (the "Default Notices") and demanded payment in full on the Loan

Agreements. True and correct copies of the Default Notices are attached hereto as **Exhibit J** and incorporated herein.

32.    At the time of filing of this Complaint, Defendants have not cured the default under the Loan Agreements and the Guarantees, as set forth in the Default Notices.

33.    Due to these defaults and pursuant to the express terms of the Loan Agreements and Guarantees, Bank is entitled to contractual money damages as set forth therein.

### E.    Bank's Damages

34.    As a result of the breaches by Defendants, Bank has been damaged in an aggregate amount equal to not less than $289,768.66 as of September 26, 2023, as follows:

a.    the balance due under the K. Randhawa / Singh Loan Agreement was not less than $101,316.50 as of September 26, 2023, with interest at the Default Rate of 18% *per annum* continuing to accrue in the amount of $48.33 per day; and

b.    the balance due under the Randhawa Transport Loan Agreements was not less than $188,452.16 as of September 26, 2023, with interest at the Default Rate of 18% *per annum* continuing to accrue in the amount of $90.43 per day.

35.    The Loan Agreements permits Bank to collect, as additional damages, its attorneys' fees and costs of collection incurred in relation to the Loan Agreements and the Collateral.  *See* Loan Agreements, § 5.2.

36.    Of the K. Randhawa / Singh Collateral, the equipment identified by serial number 3AKJHHDR6MSMU8335 was paid in full with insurance on June 20, 2023. Thus, in this present action as to the K. Randhawa / Singh Agreement, Bank seeks return of the equipment identified by serial number 3AKJHHDR6MSMU8331 (the "Remaining K. Randhawa / Singh Loan Collateral.")

## COUNT I – BREACH OF CONTRACT
### (K. Randhawa)

37.    Bank hereby incorporates by reference and realleges the factual allegations contained in the preceding paragraphs.

38.    Bank has performed all terms and conditions of the K. Randhawa / Singh Loan Agreement to be performed by Bank.

39.    In contrast, K. Randhawa has not performed under the K. Randhawa / Singh Loan Agreement and has failed to make payments to Bank under the K. Randhawa / Singh Loan Agreement when due.

40.    Under K. Randhawa / Singh Loan Agreement, Bank is entitled to contractual money damages from Kuldip Randhawa as provided therein.

41.    The amount due under the K. Randhawa / Singh Loan Agreement as of September 26, 2023, was not less than $101,316.50, which amount is immediately due and owing from K. Randhawa, together with interest on and after September 26, 2023, at the default rate specified in the K. Randhawa / Singh Loan Agreement.

42.    The K. Randhawa / Singh Loan Agreement provide that Bank shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

WHEREFORE, Bank prays that this Court enter a judgment in its favor and against K. Randhawa in the amount due under the K. Randhawa / Singh Loan Agreement, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, penalties, and interest, together with such other and further relief as shall be just and equitable.

## COUNT II – BREACH OF CONTRACT
### (Singh)

43.     Bank hereby incorporates by reference and realleges the factual allegations contained in the preceding paragraphs.

44.     Bank has performed all terms and conditions of the K. Randhawa / Singh Loan Agreement to be performed by Bank.

45.     In contrast, Singh has not performed under the K. Randhawa / Singh Loan Agreement and has failed to make payments to Bank under the K. Randhawa / Singh Loan Agreement when due.

46.     Under K. Randhawa / Singh Loan Agreement, Bank is entitled to contractual money damages from Singh as provided therein.

47.     The amount due under the K. Randhawa / Singh Loan Agreement as of September 26, 2023, was not less than $101,316.50, which amount is immediately due and owing from Singh, together with interest on and after September 26, 2023, at the default rate specified in the K. Randhawa / Singh Loan Agreement.

48.     The K. Randhawa / Singh Loan Agreement provide that Bank shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

WHEREFORE, Bank prays that this Court enter a judgment in its favor and against Singh in the amount due under the K. Randhawa / Singh Loan Agreement, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, penalties, and interest, together with such other and further relief as shall be just and equitable.

## COUNT III – BREACH OF CONTRACT
### (Randhawa Transport)

49.     Bank hereby incorporates by reference and realleges the factual allegations contained in the preceding paragraphs.

50.    Bank has performed all terms and conditions of the Randhawa Transport Loan Agreements to be performed by Bank.

51.    In contrast, Randhawa Transport has not performed under the Randhawa Transport Loan Agreements and has failed to make payments to Bank under the Randhawa Transport Loan Agreements when due.

52.    Under the Randhawa Transport Loan Agreements, Bank is entitled to contractual money damages from Randhawa Transport as provided therein.

53.    The amount due under the Randhawa Transport Loan Agreements as of September 26, 2023, was not less than $188,452.16 which amount is immediately due and owing from Randhawa Transport, together with interest on and after September 26, 2023, at the default rate specified in the Randhawa Transport Loan Agreements.

54.    The Randhawa Transport Loan Agreements provide that Bank shall recover its attorneys' fees, costs of collection, and interest on all unpaid amounts due and owing.

WHEREFORE, Bank prays that this Court enter a judgment in its favor and against Randhawa Transport in the amount due under the Randhawa Transport Loan Agreements, the exact amount to be proven at or before trial, plus its attorneys' fees, costs, penalties, and interest, together with such other and further relief as shall be just and equitable.

## COUNT IV – BREACH OF GUARANTY
### (K. Randhawa)

55.    Bank hereby incorporates by reference and realleges the factual allegations contained in the preceding paragraphs.

56.    Bank has performed all terms and conditions of the K. Randhawa Guarantees to be performed by Bank.

57.     Under the K. Randhawa Guarantees, K. Randhawa is liable for all amounts due to Bank under the Randhawa Transport Loan Agreements.

58.     K. Randhawa is in default under the terms and conditions of the K. Randhawa Guarantees, having failed to make payments thereunder.

59.     As a direct and proximate result of K. Randhawa's breach of the K. Randhawa Guarantees, Bank has incurred and continues to incur substantial damages.

60.     The Randhawa Transport Loan Agreements and K. Randhawa Guarantees provide that Bank shall recover its attorneys' fees, costs of collection, and interest on all amounts due and owing.

61.     Bank has been required to retain the services of counsel to prosecute this claim and is therefore entitled to an award of attorneys' fees and costs.

WHEREFORE, Bank prays that this Court enter a judgment in its favor and against K. Randhawa in the amount due under the K. Randhawa Guarantees, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

## COUNT V – BREACH OF GUARANTY
### (Singh)

62.     Bank hereby incorporates by reference and realleges the factual allegations contained in the preceding paragraphs.

63.     Bank has performed all terms and conditions of the Singh Guarantees to be performed by Bank.

64.     Under the Singh Guarantees, Singh is liable for all amounts due to Bank under the Randhawa Transport Loan Agreements.

65.     Singh is in default under the terms and conditions of the Singh Guarantees, having failed to make payments thereunder.

66.     As a direct and proximate result of Singh's breach of the Singh Guarantees, Bank has incurred and continues to incur substantial damages.

67.     The Randhawa Transport Loan Agreements and Singh Guarantees provide that Bank shall recover its attorneys' fees, costs of collection, and interest on all amounts due and owing.

68.     Bank has been required to retain the services of counsel to prosecute this claim and is therefore entitled to an award of attorneys' fees and costs.

WHEREFORE, Bank prays that this Court enter a judgment in its favor and against Singh in the amount due under the Singh Guarantees, the exact amount to be proven at or before trial, together with such other and further relief as shall be just and equitable.

### COUNT VI – INJUNCTIVE RELIEF
**(K. Randhawa and Singh)**

69.      Bank hereby incorporates by reference the factual allegations contained in the preceding paragraphs.

70.     K. Randhawa and Singh continue to possess and utilize, or are capable of utilizing, all or some of the Remaining K. Randhawa / Singh Loan Collateral for commercial purposes.

71.     On any given day, the Remaining K. Randhawa / Singh Loan Collateral is located, or is capable of being located, in diverse places throughout Virginia and surrounding states.

72.     The Remaining K. Randhawa / Singh Loan Collateral depreciates and deteriorates as a result of its continued use by K. Randhawa and Singh, with no commensurate value being conferred to Bank in the form of payments due and owing from K. Randhawa and Singh.

73.     K. Randhawa and Singh have or should have in place capabilities to identify, locate, and surrender the Remaining K. Randhawa / Singh Loan Collateral, which capabilities may now be breaking down.

74.    Bank will suffer irreparable injury for which no adequate remedy at law exists unless K. Randhawa, Singh, and other persons and firms having knowledge of this injunction are (a) enjoined from continuing to use the Remaining K. Randhawa / Singh Loan Collateral; (b) ordered to advise Bank of the location of the Remaining K. Randhawa / Singh Loan Collateral; and (c) ordered to surrender the Remaining K. Randhawa / Singh Loan Collateral to Bank.

WHEREFORE, Bank prays that:

a.    K. Randhawa, Singh, and other persons and firms having knowledge of the injunction, be temporarily, preliminarily, and permanently enjoined from using the Remaining K. Randhawa / Singh Loan Collateral as of the date of entry of the injunction order;

b.    K. Randhawa and Singh be ordered to disclose to Bank the precise location of the Remaining K. Randhawa / Singh Loan Collateral in order for Bank to reclaim it;

c.    K. Randhawa and Singh be ordered to recover the Remaining K. Randhawa / Singh Loan Collateral in the hands of third parties for delivery to Bank;

d.    K. Randhawa and Singh be temporarily, preliminarily, and permanently enjoined from restricting access of Bank to the Remaining K. Randhawa / Singh Loan Collateral; and

e.    Bank be granted such other and further relief as shall be just and equitable.

## COUNT VII – SPECIFIC PERFORMANCE
### (K. Randhawa and Singh)

75.    Bank incorporates and realleges the preceding paragraphs as if fully set forth herein.

76.    In the event of default by K. Randhawa and Singh under the K. Randhawa / Singh Loan Agreement, K. Randhawa and Singh are obligated to return the Remaining K. Randhawa / Singh Loan Collateral at its expense and to any location that Bank directs.

77.    In the event of default by K. Randhawa and Singh under the K. Randhawa / Singh Loan Agreement, Bank is entitled to take possession of the Remaining K. Randhawa / Singh Loan

Collateral including directing K. Randhawa and Singh to remove it to a place deemed convenient by Bank.

78.     K. Randhawa and Singh have refused to return possession of the Remaining K. Randhawa / Singh Loan Collateral.

79.     Bank has performed its obligations under the K. Randhawa / Singh Loan Agreement, and is ready, willing, and able to perform under the K. Randhawa / Singh Loan Agreement.

80.     Despite demand by Bank, K. Randhawa and Singh have failed to cure their default under the K. Randhawa / Singh Loan Agreement and have failed to return the Remaining K. Randhawa / Singh Loan Collateral.

WHEREFORE, Bank prays that Judgment be entered in Bank's favor and against K. Randhawa and Singh directing K. Randhawa and Singh to specifically perform its obligations under the K. Randhawa / Singh Loan Agreement, and to return and allow the removal of the Remaining K. Randhawa / Singh Loan Collateral, and that Bank be granted such other and further relief as shall be just and equitable.

## COUNT VIII – DETINUE
### (K. Randhawa and Singh)

81.     Bank hereby incorporates by reference the factual allegations contained in the preceding paragraphs.

82.     This claim is brought pursuant to Virginia Code § 8.01-114, *et seq*.

83.     Pursuant to the K. Randhawa / Singh Loan Agreement, upon K. Randhawa's and Singh's default, Bank is lawfully entitled to possession of the Remaining K. Randhawa / Singh Loan Collateral.

84.     The Remaining K. Randhawa / Singh Loan Collateral is wrongfully detained by K. Randhawa and Singh.

85.     Based upon the best knowledge, information, and belief of Bank, the value of the Remaining K. Randhawa / Singh Loan Collateral, in the absence of inspection, and assuming good condition and maintenance, and for purposes of setting bond only, is estimated to be approximately $62,700.00.

86.     The Remaining K. Randhawa / Singh Loan Collateral has not been seized under any process, execution, or attachment against the property of Bank.

87.     Based upon the best knowledge, information, and belief of Bank, the Remaining K. Randhawa / Singh Loan Collateral is based at 42367 Ponderosa Drive, Chantilly, Virginia 20152, but may not be located at that location at any particular time.

88.     Given K. Randhawa and Singh's possession of the Remaining K. Randhawa / Singh Loan Collateral, it is within the power of K. Randhawa and Singh to conceal, waste, encumber, convert, convey, or remove the Remaining K. Randhawa / Singh Loan Collateral from the jurisdiction of the Court, or Bank's post-judgment remedy would be otherwise inadequate.

89.     Bank claims the value of the Remaining K. Randhawa / Singh Loan Collateral not delivered to the officer by virtue of the enforcement of an order of detinue.

WHEREFORE, Bank requests that:

a.     An order of detinue be entered in favor of Bank granting Bank possession of the Remaining K. Randhawa / Singh Loan Collateral;

b.     Bank be awarded a judgment against K. Randhawa and Singh for the value of Remaining K. Randhawa / Singh Loan Collateral if not delivered;

c.    Bank be awarded a judgment against K. Randhawa and Singh for damages for detention;

d.    Bank be awarded its costs, attorneys' fees, and interest on all unpaid amounts due and owing; and

e.    Bank be granted such other and further relief as shall be just and equitable.

## COUNT IX– INJUNCTIVE RELIEF
### (Randhawa Transport)

90.    Bank hereby incorporates by reference the factual allegations contained in the preceding paragraphs.

91.    Randhawa Transport continues to possess and utilize, or are capable of utilizing, all or some of the Randhawa Transport Loan Collateral for commercial purposes.

92.    On any given day, the Randhawa Transport Loan Collateral is located, or is capable of being located, in diverse places throughout Virginia and surrounding states.

93.    The Randhawa Transport Loan Collateral depreciates and deteriorates as a result of its continued use by Randhawa Transport, with no commensurate value being conferred to Bank in the form of payments due and owing from Randhawa Transport.

94.    Randhawa Transport has or should have in place capabilities to identify, locate, and surrender the Randhawa Transport Loan Collateral, which capabilities may now be breaking down.

95.    Bank will suffer irreparable injury for which no adequate remedy at law exists unless Randhawa Transport and other persons and firms having knowledge of this injunction are (a) enjoined from continuing to use the Randhawa Transport Loan Collateral; (b) ordered to advise Bank of the location of the Randhawa Transport Loan Collateral; and (c) ordered to surrender the Randhawa Transport Loan Collateral to Bank.

WHEREFORE, Bank prays that:

a.      Randhawa Transport and other persons and firms having knowledge of the injunction, be temporarily, preliminarily, and permanently enjoined from using the Randhawa Transport Loan Collateral as of the date of entry of the injunction order;

b.      Randhawa Transport be ordered to disclose to Bank the precise location of the Randhawa Transport Loan Collateral in order for Bank to reclaim it;

c.      Randhawa Transport be ordered to recover the Randhawa Transport Loan Collateral in the hands of third parties for delivery to Bank;

d.      Randhawa Transport be temporarily, preliminarily, and permanently enjoined from restricting access of Bank to the Randhawa Transport Loan Collateral; and

e.      Bank be granted such other and further relief as shall be just and equitable.

## COUNT X – SPECIFIC PERFORMANCE
### (Randhawa Transport)

96.     Bank incorporates and realleges the preceding paragraphs as if fully set forth herein.

97.     In the event of default by Randhawa Transport under the Randhawa Transport Loan Agreements, Randhawa Transport is obligated to return the Randhawa Transport Loan Collateral at its expense and to any location that Bank directs.

98.     In the event of default by Randhawa Transport under the Randhawa Transport Loan Agreements, Bank is entitled to take possession of the Randhawa Transport Loan Collateral including directing Randhawa Transport to remove it to a place deemed convenient by Bank.

99.     Randhawa Transport has refused to return possession of the Randhawa Transport Loan Collateral.

100.    Bank has performed its obligations under the Randhawa Transport Loan Agreements, and is ready, willing, and able to perform under the Randhawa Transport Loan Agreements.

101.    Despite demand by Bank, Randhawa Transport has failed to cure their defaults under the Randhawa Transport Loan Agreements and has failed to return the Randhawa Transport Loan Collateral.

WHEREFORE, Bank prays that Judgment be entered in Bank's favor and against Randhawa Transport directing Randhawa Transport to specifically perform its obligations under the Randhawa Transport Loan Agreements, and to return and allow the removal of the Randhawa Transport Loan Collateral, and that Bank be granted such other and further relief as shall be just and equitable.

**COUNT XI – DETINUE**
**(Randhawa Transport)**

102.    Bank hereby incorporates by reference the factual allegations contained in the preceding paragraphs.

103.    This claim is brought pursuant to Virginia Code § 8.01-114, *et seq*.

104.    Pursuant to the Randhawa Transport Loan Agreements, upon Randhawa Transport's default, Bank is lawfully entitled to possession of the Randhawa Transport Loan Collateral.

105.    The Randhawa Transport Loan Collateral is wrongfully detained by Randhawa Transport.

106.    Based upon the best knowledge, information, and belief of Bank, the value of the Randhawa Transport Loan Collateral, in the absence of inspection, and assuming good condition

and maintenance, and for purposes of setting bond only, is estimated to be approximately $126,000.00.

107.    The Randhawa Transport Loan Collateral has not been seized under any process, execution, or attachment against the property of Bank.

108.    Based upon the best knowledge, information, and belief of Bank, the Randhawa Transport Loan Collateral is based at 42367 Ponderosa Drive, Chantilly, Virginia 20152, but may not be located at that location at any particular time.

109.    Given Randhawa Transport's possession of the Randhawa Transport Loan Collateral, it is within the power of Randhawa Transport to conceal, waste, encumber, convert, convey, or remove the Randhawa Transport Loan Collateral from the jurisdiction of the Court, or Bank's post-judgment remedy would be otherwise inadequate.

110.    Bank claims the value of the Randhawa Transport Loan Collateral not delivered to the officer by virtue of the enforcement of an order of detinue.

WHEREFORE, Bank requests that:

a.    An order of detinue be entered in favor of Bank granting Bank possession of the Randhawa Transport Loan Collateral;

b.    Bank be awarded a judgment against Randhawa Transport for the value of Randhawa Transport Loan Collateral if not delivered;

c.    Bank be awarded a judgment against Randhawa Transport for damages for detention;

d.    Bank be awarded its costs, attorneys' fees, and interest on all unpaid amounts due and owing; and

e.    Bank be granted such other and further relief as shall be just and equitable.

Dated:  November 15, 2023            Respectfully submitted,

BMO BANK, N.A.

By Counsel

*/s/ Douglas E. Pittman*
Douglas E. Pittman (VSB No 87915)
REED SMITH LLP
Riverfront Plaza - West Tower
901 East Byrd Street, Suite 1900
Richmond, VA  23219-4068
Telephone: (804) 344-3400
Facsimile: (804) 344-3410
dpittman@reedsmith.com
*Counsel for Plaintiff BMO Bank N.A.*

## **VERIFICATION**

STATE OF IOWA            )

                         )

COUNTY OF LINN           )

Under penalties of perjury, I declare that I have read the foregoing Verified Complaint and that the facts stated in it are true. I further declare that: My name is Whitney Oliver, I am a litigation analyst of Plaintiff, BMO Bank N.A. (the "Bank"), I have authority to make this Verification on the Bank's behalf, and this Verification is made based on my personal knowledge and as facts appear in the business records of the Bank.

_____

Whitney Oliver
Litigation Analyst
BMO Bank N.A.

Sworn and subscribed before me this __9__ day of November, 2023, by Whitney Oliver, as Litigation Analyst of BMO Bank N.A. and on its behalf, who (✓) is personally known to me or (___) has produced _____ as identification.

_____

Notary Public, State of Iowa

Printed Name: Debb White

Commission No.:_____

My commission expires:_____

DEBB WHITE
Notarial Seal - Iowa
Commission No. 838362
My Commission Expires Mar. 29, 2025

22